| | |
|---|---|
| AL RAGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| J&J EXOTIC AUTOMOTIVE ) | |
| GROUP INC., d/b/a MUSIC CITY ) | JURY DEMAND |
| DREAM CARS and JASON RIDGEL, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

Plaintiff Al Rago ("Rago" or "Plaintiff"), through counsel, files this Complaint against Defendants J&J Exotic Automotive Group Inc., d/b/a Music City Dream Cars ("MCDC") and Jason Ridgel ("Ridgel") (collectively, "Defendants") to remedy violations of the Fair Labor Standards Act of 1938 ("FLSA" or "Act"), 29 U.S.C. §§ 201–19, and Tennessee common law.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action, because it arises under the FLSA, a federal law. 28 U.S.C. § 1331.

2. Venue is proper in the Middle District of Tennessee, because the events in question occurred in this judicial district. *Id.* § 1391(b).

3. Each Defendant is subject to personal jurisdiction in the State of Tennessee.

## PARTIES

4. Rago is a resident of Davidson County, Tennessee. His consent to join this action is attached hereto as Exhibit 1.

5. On information and belief, Ridgel is a resident of Davidson County, Tennessee.

6. Defendant MCDC is a Tennessee corporation whose principal office is located at 810 Dominican Dr., Nashville, Tennessee 37228.

7. MCDC's registered agent for service of process is WW Sommer, and he can be served at 810 Dominican Dr., Nashville, Tennessee 37228.

8. Ridgel is the chief executive officer of MCDC.

9. At times material to this action, Rago was Defendants' "employee," as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10. Rago worked for Defendants within three years preceding the filing of the instant action.

11. At all times material to this action, each Defendants was Rago's "employer," as defined by the FLSA, *id.* § 203(d).

12. The minimum-wage and overtime-compensations provisions of the FLSA, *id.* §§ 206–07, apply to Defendants.

13. At all times material to this action, Defendants were an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, *id.* § 203(s)(1), and had an annual gross volume of sales exceeding $500,000.

14. Rago was individually engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants.

15. The interstate commercial activity includes, among other things, the renting of automobiles to patrons who travel in interstate commerce, renting automobiles produced out of state, and processing credit card transactions that cross state lines.

## FACTS

16. Ridgel is the chief executive officer of MCDC.

17. MCDC is an automobile rental company, specializing in renting high-end sports cars.

18. MCDC rents luxury cars like Lamborghinis and Maseratis to clients for short terms, often by the hour.

19. On information and belief, MCDC does not own most of its rental fleet, which are owned by third parties who take a portion of the rental fee.

20. Defendants employed Rago as a salesman at MCDC from approximately April 2016 until July 12, 2018.

21. Defendants paid Rago an hourly wage between $12 and $20.

22. Rago also received a commission of 5% for every sale.

23. Defendants also paid Rago bonuses from time to time.

24. While employed by MCDC, Rago entered into a binding contract with Defendants to create a website for Derby City Dream Cars, an affiliated company, in exchange for consideration of $2,500.

25. Rago substantially performed his obligations under the contract.

26. Defendants failed to pay Rago the sums due under the contract.

27. From approximately November 2016 until June 2018, Rago, on instructions from and with the knowledge and consent of Defendants, regularly worked more than 40 hours in a workweek.

28. When Rago worked more than 40 hours in a workweek during the period between November 2016 and July 2018, Defendants paid him only his straight-time wage for the hours worked over forty.

29. Defendants did not pay overtime compensation to Rago at 1.5 times his regular rate of pay.

30. Defendants' failure to pay Rago overtime compensation was willful; after Rago complained about not receiving overtime compensation in February 2018, Defendants still did not pay Rago as the FLSA requires.

31. Defendants did not pay Rago for all commissions he earned during his employment.

32. Defendants did not pay Rago all the bonuses he earned during his employment.

33. During June 2018 and July 2018, Defendants failed to pay Rago for all his straight-time hours worked.

34. Defendants' failure to pay Rago for all his straight time was willful; after Rago quit working for Defendants, he attempted to contact Defendants to collect his back wages.

## COUNT I
### Failure to Pay Minimum Wages
### 29 U.S.C. § 206

35. Rago incorporates in full the allegations in paragraphs 1–34.

36. The minimum-wage provision of the FLSA, 29 U.S.C. § 206, applies to Defendants.

37. Defendants were Rago's employers.

38. Rago was Defendants' employee.

39. In June 2018 and July 2018, Rago performed work for Defendants for which he received no compensation.

40. By failing to pay Rago at least $7.25 per hour for each hour he worked, Defendants violated the FLSA's minimum-wage provision.

41. Defendants' failure to pay minimum wages to Rago was willful.

## COUNT II
### Failure to Pay Overtime Wages
### 29 U.S.C. § 207

42. Rago incorporates in full the allegations in paragraphs 1–34.

43. The overtime-compensation provision of the FLSA, *id.* § 207, applies to Defendants.

44. Defendants were Rago's employers.

45. Rago was Defendants' employee.

46. Between November 2016 and July 2018, Rago regularly worked more than 40 hours per week.

47. Defendants knew that Rago regularly worked more than 40 hours per week.

48. When Rago worked more than 40 hours in a workweek, he did not receive from Defendants overtime compensation at 1.5 times his regular rate of pay for those hours.

49. By failing to pay an overtime premium to Rago for all hours worked over 40 in a workweek, Defendants violated the FLSA's overtime-compensation provision.

50. Defendants' failure to pay overtime compensation to Rago was willful.

## COUNT III
### Breach of Contract to Pay Bonuses and Commissions
### Tennessee Common Law

51. Rago incorporates in full the allegations in paragraphs 1–34.

52. Rago and Defendants entered into a contract related to Rago's compensation while Defendants employed him.

53. The terms of the contract between Rago and Defendants included that Defendants would pay Rago a 5% commission on every sale.

54. Defendants breached the contract when they failed to pay Rago a 5% commission on all his sales.

55. Defendants' breach related to commissions caused Rago damages.

56. The terms of the contract between Rago and Defendants also included that Defendants would pay Rago certain bonuses.

57. Defendants breached the contract when they failed to pay Rago all the bonuses he was due.

58. Defendants breach related to bonuses caused Rago damages.

## COUNT IV
## Breach of Contract to Pay for Website
## Tennessee Common Law

59. Rago incorporates in full the allegations in paragraphs 1–34.

60. Rago and Defendants entered into a contract related to the website for an affiliated company, Derby City Dream Cars, while Defendants employed Rago.

61. The terms of the contract included that Rago would build a website for Derby City Dream Cars in exchange for payment of $2500 by Defendants.

62. Rago substantially performed his obligation to build a website for Derby City Dream Cars.

63. Defendants breached the contract when they failed to pay Rago the $2500 they owed him for the website.

64. Defendants' failure to pay for the work Rago performed on the website caused Rago damages.

## PRAYER FOR RELIEF

Rago prays for the following relief:

A. that process issue against Defendants and that Defendants be required to answer within the time period provided by applicable law;

B. that this Court award Rago damages in the amount of his unpaid wages, an additional equal amount as liquidated damages under 29 U.S.C. § 216(b), his accrued but unpaid commissions and bonuses, and his unpaid contractual proceeds;

C. that Defendants, jointly and severally, be required to pay Rago's attorneys' fees;

D. that Defendants, jointly and severally, be required to pay the costs and expenses of this action; and

E. that a jury be impaneled to hear this cause of action at trial.

Date: November 14, 2019       Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN BPR #018965)
/s/ *N. Chase Teeples*
N. Chase Teeples (TN BPR #032400)
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

*Counsel for Plaintiff*